IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEANIE DEHART MANZO,

          Plaintiff,

       vs.

COMMISSIONER of Social Security,

          Defendant.

Civil No. 10-cv-1062-HZ

OPINION & ORDER

Tim D. Wilborn
WILBORN LAW OFFICE, P.C.
Tim Wilborn, Attorney at Law
P.O. Box 2768
Oregon City, OR 97045

      Attorney for Plaintiff

Richard A. Morris
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

PAGE 1 - OPINION AND ORDER

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Now before me is an unopposed motion for attorney fees (doc. #27) filed by Jeanie

Dehart Manzo ("Plaintiff").  Plaintiff's motion seeks an award under the Social Security Act, 42

U.S.C. § 406(b), for attorney fees in the amount of $8,462.00.

**STANDARD**

      42 U.S.C. § 406 provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

      The amount awarded is reduced by the amount of attorney fees already awarded under

the Equal Access to Justice Act ("EAJA").  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

**DISCUSSION**

      In determining a § 406(b) fee request, the court must start with the amount agreed upon

by the claimant and her attorney, evaluating only whether that amount should be reduced for one

of three reasons: (1) because "the attorney provided substandard representation," (2) because

"the attorney . . . engaged in dilatory conduct in order to increase the accrued amount of past-due

benefits," or (3) because "the 'benefits are large in comparison to the amount of time counsel

PAGE 2 - OPINION AND ORDER

spent on the case.'"  <u>Crawford v. Astrue</u>, 586 F.3d 1142, 1148-49 & n.7 (9th Cir. 2009) (en banc)

(quoting <u>Gisbrecht</u>, 535 U.S. at 808).  Here, the terms of the contingent-fee agreement between

Plaintiff and her attorney, Tim Wilborn ("Wilborn"), are within the statutory limits of 42 U.S.C.

§ 406.  In addition, there is no indication that Plaintiff's counsel was either ineffective or

dilatory.  The benefits are also not so large in comparison to the amount of time counsel spent on

the case that a reduction of Plaintiff's fee request is justified.  Simply stated, pursuant to the

factors enunciated in <u>Crawford</u>, there are no grounds for reducing the contingent fee arrangement

between Plaintiff and her counsel under the circumstances here.  Accordingly, Plaintiff is entitled

to $3,186.69, which amounts to 25% of her stated retroactive benefits of $33,848 ($8,462.00)

less the $5,275.31 in EAJA attorney fees previously awarded by this court on January 10, 2012.

## CONCLUSION

For the foregoing reasons, Plaintiff's unopposed motion for attorney fees pursuant to 42

U.S.C. § 406(b) (doc. #27) is GRANTED.  Plaintiff's counsel is to be awarded $8,462.00, less

the EAJA attorney fees of $5,275.31, for a net award of $3,186.69 to be paid from Plaintiff's

past-due benefits.

IT IS SO ORDERED.

Dated this _____ day of _____, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

PAGE 3 - OPINION AND ORDER